UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TARA B.,

                                         **Plaintiff,**

  vs.                                                                          1:22-CV-1058
                                                                                            (MAD/DEP)

**COMMISSIONER OF SOCIAL SECURITY,**

                                          **Defendant.**
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **OSBORN LAW, P.C.**<br>43 West 43rd Street, Suite 131<br>New York, New York 10036<br>Attorney for Plaintiff | **LINDSAY TRUST, ESQ.** |
| **SOCIAL SECURITY ADMINISTRATION**<br>Office of General Counsel<br>6401 Security Boulevard<br>Baltimore, Maryland 21235<br>Attorney for Defendant | **KATHRYN S. POLLACK, ESQ.** |

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      Plaintiff, Tara B., commenced this action pursuant to 42 U.S.C. § 405(g) seeking review of the decision of the Commissioner of Social Security (the "Commissioner") denying her application for Social Security Disability Insurance Benefits. *See* Dkt. No. 1. In a Report-Recommendation dated September 21, 2023, Magistrate Judge David E. Peebles recommended that (1) Plaintiff's motion for judgment on the pleadings be denied; (2) Defendant's motion for judgment on the pleadings be granted; and (3) the Commissioner's decision be affirmed. *See* Dkt. No. 22.

1

Neither party filed objections to the Report-Recommendation. When no objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear-error review. *See Petersen v. Astrue*, 2 F. Supp. 3d 223, 229 (N.D.N.Y. 2012) (citing FED. R. CIV. P. 72(b), Advisory Committee Note: 1983). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Id.* (citation omitted). After the appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court does not discern any clear error in the Report-Recommendation. As Magistrate Judge Peebles found, remand is not warranted because the ALJ appropriately reviewed the persuasiveness of the medical opinions from consultative examiner Brett Hartman, Psy.D., and treating physician Naveen Achar, M.D., as required under the relevant regulations. *See Elizabeth G. v. Comm'r of Soc. Sec.*, No. 8:21-CV-411, 2022 WL 1689551, *7, *13 (N.D.N.Y. May 26, 2022) (citations omitted) ("The ALJ must expressly 'explain how [he or she] considered the supportability and consistency factors' for all of the medical opinions in the record. . . . The ALJ is not required to mention every piece of evidence he relies on, and he is the arbiter of conflicts in the record, but there must be sufficient explanation for the Court to glean the rationale"). As Magistrate Judge Peebles concluded, the ALJ discussed the consistency and supportability factors to a sufficient degree such that the Court can glean the ALJ's rationale. *See* Dkt. No. 22 at 14, 19; *see also Schillo v. Kijakazi*, 31 F.4th 64, 74 (2d Cir. 2022) (citation omitted) ("The 'substantial evidence' standard is 'a very deferential standard of review—even more so than the "clearly erroneous" standard.' 'Indeed, it is not our function to determine *de novo* whether a plaintiff is disabled'").

Accordingly, after carefully reviewing the Report-Recommendation, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Peebles' Report-Recommendation (Dkt. No. 22) is **ADOPTED** in its entirety for the reasons set forth herein; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 15) is **DENIED**; and the Court further

**ORDERS** that Defendant's motion for judgment on the pleadings (Dkt. No. 19) is **GRANTED**; and the Court further

**ORDERS** that the Commissioner's decision is **AFFIRMED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and dismiss Plaintiff's complaint; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

Dated: November 3 2023
      Albany, New York

Mae A. D'Agostino
U.S. District Judge